UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

PRIORITY HEALTHCARE DISTRIBUTION, )
INC., D/B/A CURASCRIPT SD SPECIALITY )
DISTRIBUTION )
)
      Plaintiff, )
) No. 1:08-CV-220
v. )
) Chief Judge Curtis L. Collier
BLUE RIDGE MEDICAL ONCOLOGY )
PLLC, )
)
      Defendants. )

## MEMORANDUM

Before the Court is Plaintiff Priority Healthcare Distribution, Inc.'s motion for summary judgment. Defendant Blue Ridge Medical Oncology, PLLC, did not respond, and therefore waives its opposition. *See* E.D.TN. LR 7.1(a). Furthermore, because the evidence shows Plaintiff is entitled to judgment in its favor and Defendant essentially concedes liability, the Court will **GRANT** Plaintiff's motion for summary judgment (Court File No. 20).

**I.    STANDARD OF REVIEW**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l*

*Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). Finally, "[w]here the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *AT&T Corp. v. L & M Music, Inc.*, 2008 U.S. Dist. LEXIS 72992 at *7 (E.D. Tenn. Sept. 24, 2008).

## II. DISCUSSION

According to Plaintiff's amended complaint, Plaintiff and Defendant entered into a written contract under which Plaintiff provided Defendant with a commercial credit line and Defendant ordered and obtained pharmaceutical drugs from Plaintiff. Plaintiff has made a demand on Defendant for a principal amount of $1,028,414.11 due on invoices submitted to Defendant. Plaintiff alleges unjust enrichment, account stated, and breach of contract. Defendant admits in its answer that Plaintiff provided it with a commercial credit line and it ordered and obtained pharmaceutical drugs and supplies from Plaintiff. Defendant also admits it has failed to pay certain amounts owed to Plaintiff.

Plaintiff moves for summary judgment on its breach of contract claim or, in the alternative,

its account stated and unjust enrichment claims. Plaintiff also moves for summary judgment on each of Defendant's affirmative defenses. Defendant did not respond to the motion. The response deadline and the deadline for filing dispositive motions have long passed.

The credit application specifies that the agreement between the parties is governed by Florida law. Under Florida law, there are three elements to a breach of contract claim: (1) a valid contract, (2) a material breach, and (3) damages. *Tech. Packaging, Inc. v. Hanchett*, 992 So. 2d 309, 313 (Fla. Dist. Ct. App. 2d Dist. 2008); *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 4th Dist. 2008).[1] All three elements are satisfied.

The first element is the existence of a valid contract, which requires an offer, an acceptance, and consideration. *Med-Star Cent. v. Psychiatric Hosps.*, 639 So. 2d 636, 637 (Fla. Dist. Ct. App. 5th Dist. 1994). Defendant submitted a credit application to Plaintiff, which Plaintiff accepted. Defendant agrees it was bound by the credit application. Pursuant to this agreement, Defendant ordered drugs from Plaintiff, and Defendant received those drugs. The orders were always filled and Defendant never had any complaints.

The second element is a material breach of the contract. The credit agreement requires Defendant to pay in a timely manner all debts, accounts, and invoices owing to Plaintiff. And Defendant admits it received drug shipments and invoices for those shipments, but did not pay the invoices or dispute the payments.

The third element is damages. Defendant does not dispute that as of November 30, 2008, it owed $1,028,414.11 in principal and $304,006.42 in interest. Plaintiff introduced evidence that

---

[1] Despite bearing the burden of proof on each element, Plaintiff neglects to even mention the elements of a breach of contract claim.

3

the amount of interest grew to $361,137.47 by April 30, 2009. In addition to requiring interest, the credit agreement requires Defendant to pay Plaintiff "for any attorney fees, court costs or collection agency fees" incurred in collecting past-due amounts. Defendant admits it has this obligation. Plaintiff introduced evidence of $51,334.20 in attorney fees. Therefore, Plaintiff requests judgment of $1,389,551.58 for principal and interest as of April 30, 2009, plus interest at 18% per annum through entry of judgment ($507.16 per day), and $51,334.20 in attorney's fees.

In its responses to Plaintiff's interrogatories, Defendant acknowledges it has no information to support any of the affirmative defenses it raises in its answer. Accordingly, the Court will enter judgment for Plaintiff on its breach of contract claims. The Court need not consider Plaintiff's alternate theories of liability.

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion for summary judgment (Court File No. 20).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**